UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------

CRISTIAN RODRIGUEZ,

                Plaintiff,

      v.

ALEJANDRO MAYORKAS, *Secretary, Department of Homeland Security*, UR MENDOZA JADDOU, *Director of U.S. Citizenship and Immigration Services*, and SUSAN DIBBINS, *Chief of the USCIS Administrative Appeals Office*,

                Defendants.

**MEMORANDUM & ORDER**
21-CV-3129 (MKB)

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

    Plaintiff Cristian Rodriguez commenced the above-captioned action on June 2, 2021, against Defendants Alejandro Mayorkas, Tracy Renaud,[1] and Susan Dibbins seeking declarations that the denials of his petition for U nonimmigrant status ("U Visa")[2] and application for a waiver of inadmissibility pursuant to 8 U.S.C. §§ 1182(d)(14) and 1182(d)(3) violated the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq*. (Compl., Docket Entry No. 1.) Plaintiff also seeks a declaratory judgment that he is statutorily eligible for a U Visa and an order

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the caption has been updated to reflect the new Director. Ur Mendoza Jaddou, Director of United States Citizenship and Immigration Services ("USCIS") is automatically substituted for Tracy Renaud.

[2] U Visas are "available to victims of specified crimes who cooperate with law enforcement authorities in the investigation or prosecution of those crimes." *N-N v. Mayorkas*, 540 F. Supp. 3d 240, 247 (E.D.N.Y. 2021). A U Visa "accords the applicant lawful temporary resident status" and "authorizes the applicant to work in the United States during the life of the U visa." *Id.* U Visa recipients "can remain in the United States for up to four years, with possible extensions, and may apply for permanent resident status after three years." *Baiju v. U.S. Dep't of Labor*, No. 12-CV-5610, 2014 WL 349295, at *6 (E.D.N.Y. Jan. 31, 2014).

requiring Defendants to reopen and grant his U Visa petition. (*Id.* at 16.) In the alternative, Plaintiff seeks an order requiring Defendants to reconsider his U Visa petition and application for a waiver of inadmissibility. (*Id.*)

On December 7, 2021, Defendants moved to dismiss the Complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure; Plaintiff opposes the motion.[3] For the reasons set forth below, the Court grants Defendants' motion and dismisses this action.

## I. Background

Plaintiff is a citizen of Ecuador, a resident of Queens, New York, and has lived in the United States since 2004. *Rodriguez v. Nielsen*, No. 16-CV-7092, 2018 WL 4783977, at *1 (E.D.N.Y. Sept. 30, 2018). In November of 2011, an individual broke into Plaintiff's home, removed a knife from a kitchen drawer, and attempted to enter the locked room where Plaintiff was trapped with his infant son and his son's mother. (Compl. ¶ 16.) Plaintiff subsequently assisted law enforcement by helping police officers identify the perpetrator and cooperated with the Queens District Attorney's Office in the perpetrator's prosecution. (*Id.* ¶ 17.) The perpetrator pled guilty to burglary in the second degree,[4] (*id.* ¶ 18), and a representative from the Queens District Attorney's Office later submitted a U Nonimmigrant Status Certification

---

[3] (Defs.' Mot. to Dismiss ("Defs.' Mot."), Docket Entry No. 22; Defs.' Mem. in Supp. of Defs.' Mot. ("Defs.' Mem."), Docket Entry No. 23; Pl.'s Mem. in Opp'n to Defs.' Mot. ("Pl.'s Opp'n"), Docket Entry No. 25; Defs.' Reply Mem. in Supp. of Defs.' Mot. ("Defs.' Reply"), Docket Entry No. 27.)

[4] In addition to burglary in the second degree, the perpetrator was indicted for criminal impersonation in the first degree, petit larceny, criminal possession of stolen property in the fifth degree, criminal possession of a weapon in the fourth degree, and endangering the welfare of a child. (Compl. ¶ 18.)

attesting to Plaintiff's assistance with the investigation and prosecution, *Nielsen*, 2018 WL 4783977, at *2.

On August 12, 2015, Plaintiff filed a petition for a U Visa and also applied for a waiver of inadmissibility pursuant to 8 U.S.C. §§ 1182(d)(14) and 1182(d)(3). (Compl. ¶¶ 20–21.) As part of his application, Plaintiff attached the certification from the Queens District Attorney's Office. (*Id.* ¶ 20.) More than a year later, following inaction on his U Visa petition, Plaintiff filed suit under the APA, seeking, among other relief, declaratory, mandamus, and injunctive relief in connection with the delay in processing his U Visa petition. (*Id.* ¶ 23; *see also Nielsen*, 2018 WL 4783977, at *1.) On September 30, 2018, the Court dismissed as premature Plaintiff's application for adjudication of his U Visa petition and directed Defendants to adjudicate Plaintiff's application for work authorization within ninety days or issue Plaintiff an Employment Authorization Document pursuant to 8 U.S.C. § 1184(p)(16) and 8 C.F.R. § 274a.13(d). *Nielsen*, 2018 WL 4783977, at *22. In a joint stipulation agreeing to dismiss that action, the U.S. Citizenship and Immigration Services (USCIS) agreed that by November 30, 2018, it would either place Plaintiff on the U Visa Waiting List pursuant to 8 C.F.R. § 214.14(d)(2) or issue correspondence pursuant to 8 C.F.R. § 103.2(b)(8) if it required additional evidence to adjudicate Plaintiff's eligibility for placement on the U Visa Waiting List. (Compl. ¶ 23; *Rodriguez v. Nielsen*, No. 16-CV-7092, Docket Entry No. 55.)

On November 15, 2018, USCIS notified Plaintiff of its intent to both (1) deny his U Visa petition for failure to establish a qualifying crime and (2) deny his application for a waiver of inadmissibility due to criminal charges for which Plaintiff was arrested in 2016 and 2018. (Compl. ¶ 24.) Plaintiff subsequently provided USCIS with additional information regarding the home invasion and presented documentation showing that the majority of charges at issue in

Plaintiff's arrests were ultimately dismissed. (*Id.* ¶ 25.)

On January 16, 2019, USCIS denied Plaintiff's U Visa petition, finding that Plaintiff had not established that he was a victim of a qualifying criminal activity. (*Id.* ¶ 26; *see* Denial of Form I-918, annexed to Decl. of Christopher D. Volpe, as Ex. B, Docket Entry No. 24-2.) USCIS also denied Plaintiff's application for a waiver of inadmissibility, concluding that the record before it did not establish that such a waiver would be in the public or national interest. (Compl. ¶ 27; *see also* Denial of Form I-192, annexed to Decl. of Christopher D. Volpe, as Ex. A, Docket Entry No. 24-1.) Plaintiff moved for reconsideration of the denial of his U Visa petition and to reopen and reconsider the denial of his waiver of inadmissibility application. (Compl. ¶ 28.) On March 14, 2019, USCIS denied both motions.[5]

On April 13, 2019, Plaintiff appealed the denial of his U Visa petition.[6] (*Id.* ¶ 30.) The Administrative Appeals Office dismissed Plaintiff's appeal on June 2, 2020, finding that Plaintiff was ineligible for a U Visa because he was not the victim of qualifying criminal activity and had not established that he was either admissible to the United States or that an applicable ground of inadmissibility had been waived. (*Id.* ¶ 31; Denial of Administrative Office Appeal, annexed to Decl. of Christopher D. Volpe, as Ex. E, Docket Entry No. 24-5.)

---

[5] (Compl. ¶ 29; Denial of Mot. to Reopen and Reconsider Denial of Form I-192, annexed to Decl. of Christopher D. Volpe, as Ex. C, Docket Entry No. 24-3; Denial of Mot. to Reconsider Denial of Form I-918, annexed to Decl. of Christopher D. Volpe, as Ex. D, Docket Entry No. 24-4.)

[6] Individuals may not appeal USCIS's denial of a waiver of inadmissibility application. 8 C.F.R. § 212.17(b)(3); *see also Meridor v. U.S. Att'y Gen.*, 891 F.3d 1302, 1306 (11th Cir. 2018) ("A U visa applicant cannot appeal from a decision to deny a waiver requested under § 1182(d)(14).") (citing 8 C.F.R. § 212.17(b)(3)). In considering the appeal of Plaintiff's U Visa petition denial, the Administrative Appeals Office noted that it lacked jurisdiction to review the denial of Plaintiff's waiver application. (Denial of Administrative Office Appeal, annexed to Decl. of Christopher D. Volpe, as Ex. E, Docket Entry No. 24-5.)

## II. Discussion

### a. Standards of review

#### i. Rule 12(b)(1)

A district court may dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the court "lacks the statutory or constitutional power to adjudicate it." *Huntress v. United States*, 810 F. App'x 74, 75 (2d Cir. 2020) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)); *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015) (quoting *Makarova*, 201 F.3d at 113); *Shabaj v. Holder*, 718 F.3d 48, 50 (2d Cir. 2013) (per curiam) (quoting *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005)). "'[C]ourt[s] must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of [the] plaintiff,' but 'jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it.'" *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citation omitted) (first quoting *Nat. Res. Def. Council v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006); and then quoting *APWU v. Potter*, 343 F.3d 619, 623 (2d Cir. 2003)), *aff'd*, 561 U.S. 247 (2010). Ultimately, "the party asserting subject matter jurisdiction 'has the burden of proving by a preponderance of the evidence that it exists.'" *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014) (quoting *Makarova*, 201 F.3d at 113); *see also Suarez v. Mosaic Sales Sols. US Operating Co.*, 720 F. App'x 52, 53 (2d Cir. 2018) (citing *Morrison*, 547 F.3d at 170); *Clayton v. United States*, No. 18-CV-5867, 2020 WL 1545542, at *3 (E.D.N.Y. Mar. 31, 2020) (quoting *Tandon*, 752 F.3d at 243); *Fed. Deposit Ins. Corp. v. Bank of N.Y. Mellon*, 369 F. Supp. 3d 547, 552 (S.D.N.Y. 2019) (quoting *Tandon*, 752 F.3d at 243).

### ii. Rule 12(b)(6)

In reviewing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court "must construe [the complaint] liberally, accepting all factual allegations therein as true and drawing all reasonable inferences in the plaintiffs' favor." *Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 106–07 (2d Cir. 2021) (citing *Palin v. N.Y. Times Co.*, 940 F.3d 804, 809 (2d Cir. 2019); *see also Vaughn v. Phoenix House N.Y. Inc.*, 957 F.3d 141, 145 (2d Cir. 2020) (same). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Bacon v. Phelps*, 961 F.3d 533, 540 (2d Cir. 2020) (quoting *Twombly*, 550 U.S. at 570). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *Cavello Bay Reinsurance Ltd. v. Shubin Stein*, 986 F.3d 161, 165 (2d Cir. 2021) (quoting *Iqbal*, 556 U.S. at 678). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678; *Vaughn*, 957 F.3d at 145 (quoting *Iqbal*, 556 U.S. at 678).

### b. The Court lacks subject matter jurisdiction

Defendants contend that Plaintiff's claims must be dismissed because the Court lacks subject matter jurisdiction to review the denial of Plaintiff's waiver of inadmissibility application, and therefore cannot review the denial of Plaintiff's U Visa petition. (Defs.' Mem. 2–3.) In support, Defendants argue that the Court's review of the denial of the waiver of inadmissibility application is foreclosed because decisions to grant such waivers are subject to the Attorney General's discretion and are accordingly judicially unreviewable pursuant to 8 U.S.C. § 1252(a)(2)(B). (*Id.* at 11.) Defendants also argue that, contrary to Plaintiff's asserted reviewable errors in the denial of his waiver of inadmissibility application, those ostensible

errors are merely discretionary acts which Plaintiff attempts to recast in order to cure the jurisdictional defect in his claim. (Defs.' Reply 13–14.) Further, Defendants assert that a finding by the Court that the waiver of inadmissibility denial is unreviewable necessarily forecloses the Court's review of the denial of the U Visa petition because such a finding would render Plaintiff statutorily ineligible for a U Visa. (*Id.* at 16–17.)

Plaintiff argues that, despite the discretionary nature of granting or denying waivers of inadmissibility, the Court has jurisdiction to review the nondiscretionary legal errors which Plaintiff contends USCIS made in adjudicating his waiver of inadmissibility application.[7] (Pl.'s Opp'n 7.) In addition, Plaintiff asserts that the Court may review the denial of his U Visa petition even if the Court finds that the denial of his waiver of inadmissibility application is unreviewable. (*Id.* at 19.) Plaintiff asserts that Defendants' review of U Visa petitions is a nondiscretionary function not precluded by § 1252(a)(2)(B), and that the Court's review would not be inconsequential because Plaintiff can reapply for a waiver of inadmissibility. (*Id.*)

### i. The Court cannot review the denial of Plaintiff's waiver of inadmissibility

The U Visa program "provide[s] immigration relief to certain victims of crime who cooperate with law enforcement in the investigation or prosecution of a crime." *Nielsen*, 2018 WL 4783977, at *2. However, U Visa applicants are ineligible for "U nonimmigrant status if they are 'inadmissible' to the United States. To overcome this hurdle, they may apply for advance permission to enter as a nonimmigrant under 8 U.S.C. § 1182(d)(3)(A) or for waiver of

---

[7] Plaintiff alleges that USCIS (1) failed to review the inadmissibility waiver pursuant to the standard applicable under 8 U.S.C. § 1182(d)(14); (2) improperly considered uncorroborated criminal charges levied against Plaintiff; (3) did not consider evidence of Plaintiff's rehabilitation; and (4) mistakenly required Plaintiff to submit evidence which he could not obtain. (Pl.'s Opp'n 11–12, 16–18.)

inadmissibility under 8 U.S.C. § 1182(d)(14)." *Ji Lin v. Mayorkas*, 537 F. Supp. 3d 408, 411 (E.D.N.Y. 2021) (citing 8 U.S.C. § 1182(a)); *see also Sunday v. Att'y Gen.*, 832 F.3d 211, 213 (3d Cir. 2016) ("A noncitizen who seeks a U visa, but who is inadmissible for any number of reasons, must obtain a waiver of inadmissibility in order to become eligible for the visa."). Plaintiff's waiver of inadmissibility application indicated that he "may be inadmissible to the United States under section 212(a)(6)(A)(i) of the [Immigration and Nationality Act]," (Denial of Form I-192 at 2), which "provides in relevant part that 'an alien present in the United States without being admitted or paroled . . . is inadmissible,'" *Wang v. Ashcroft*, 320 F.3d 130, 134 n.3 (2d Cir. 2003) (citing 8 U.S.C. § 1182(a)(6)(A)(i)). As such, Plaintiff's eligibility for a U Visa is dependent on his ability to obtain a waiver of inadmissibility.

Waivers of inadmissibility under 8 U.S.C. §§ 1182(d)(14) and 1182(d)(3)(A) fall within the discretion of the Secretary of Homeland Security and the Attorney General, respectively, and are therefore unreviewable. *Ji Lin*, 537 F. Supp. 3d at 412 ("Because plaintiff's [waiver of inadmissibility] application sought advance permission to enter as a nonimmigrant under § 1182(d)(3)(A) and waiver of inadmissibility under § 1182(d)(14) . . . § 1252(a)(2)(B)(ii) precludes APA review of the [waiver of inadmissibility] decision."); *see also Patel v. Whitaker*, No. 19-CV-4, 2019 WL 13214126, at *3 (N.D. Ga. Sept. 16, 2019) ("Congress has expressly precluded judicial review of waiver applications.") (first citing 5 U.S.C. § 701(a)(2); then citing 8 U.S.C. § 1252(a)(2)(B)(ii)); *Solorzano v. Sessions*, 2018 WL 1811792, at *4 (N.D. Cal. April 17, 2018) ("Because the decision of whether to grant [p]etitioner's application for a waiver of the admissibility requirement for U nonimmigrant status falls within the discretion of the Secretary of Homeland Security and/or the Attorney General, judicial review of that decision is precluded under 8 U.S.C. § 1252(a)(2)(B)(ii)."). Pursuant to 8 U.S.C. § 1252(a)(2)(B)(ii), a court lacks

"jurisdiction to review discretionary decisions and actions of the Attorney General." *Atsilov v. Gonzales*, 468 F.3d 112, 113 (2d Cir. 2006); *see also Nouritajer v. Jaddou*, 18 F.4th 85, 87 (2d Cir. 2021) (noting that "§ 1252(a)(2)(B) . . . limits judicial review of certain discretionary decisions"); *Firstland Int'l., Inc. v. U.S. I.N.S.*, 377 F.3d 127, 130 (2d Cir. 2004) ("Section 1252, entitled 'Judicial Review of Orders of Removal,' strips the federal courts of jurisdiction to review certain discretionary decisions of the Attorney General.").

"The APA requires reviewing courts to 'hold unlawful and set aside agency action, findings, and conclusions found to be,' among other things, 'arbitrary, capricious, an abuse of discretion, or otherwise not in accord with law,' or 'in excess of statutory jurisdiction, authority, or limitations.'" *Aleutian Cap. Partners, LLC v. Scalia*, 975 F.3d 220, 229 (2d Cir. 2020) (quoting 5 U.S.C. § 706(2)(A), (C)). However, the APA's terms do not apply to "agency action . . . to the extent that such action is committed to agency discretion by law." *Lunney v. United States*, 319 F.3d 550, 558 (2d Cir. 2003) (citing *Lincoln v. Vigil*, 508 U.S. 182, 190–91 (1993) (internal quotation marks omitted)); *Chen v. Garland*, 43 F.4th 244, 252 (2d Cir. 2022) (same). As such, "the APA cannot provide a basis for jurisdiction" where "the [Immigration and Nationality Act] precludes [a] [c]ourt from reviewing [a] challenge to USCIS's determination." *Musadique v. Garland*, No. 19-CV-8381, 2021 WL 1089414, at *4 (S.D.N.Y. March 22, 2021). By expressly circumscribing judicial review of matters left to "the discretion of the Attorney General or the Secretary of Homeland Security," § 1252(a)(2)(B)(ii) "plainly erects a jurisdictional bar," *Giammarco v. Kerlikowske*, 665 F. App'x 24, 25 (2d Cir. 2016), thereby preventing review pursuant to the APA. *See Shabaj*, 718 F.3d at 52 ("[T]he judicial review provisions of the APA do not apply 'to the extent that . . . statutes preclude judicial review.'") (quoting 5 U.S.C. § 701(a)(1)).

Section 1252(a)(2)(B)(ii)'s jurisdictional bar prevents the Court from reviewing Plaintiff's challenge to the denial of his waiver of inadmissibility application under the APA. *See Juras v. Garland*, 21 F.4th 53, 59 (2d Cir. 2021) (noting that "§ 1252(a)(2)(B) deprives us of jurisdiction to review decisions committed by statute to the discretion of the Attorney General"). Plaintiff sought a waiver of inadmissibility pursuant to 8 U.S.C. §§ 1182(d)(14) and 1182(d)(3). (Compl. ¶ 21.) As explained above, §§ 1182(d)(14) and 1182(d)(3) vest the Secretary of Homeland Security and the Attorney General with discretionary authority to grant a waiver of inadmissibility. The APA expressly excludes judicial review of such discretionary actions from its purview. *See Lincoln*, 508 U.S. at 190–91 ("[A]gency action is not subject to judicial review 'to the extent that' such action 'is committed to agency discretion by law.'") (quoting 5 U.S.C. § 701(a)(2)). The Court therefore lacks jurisdiction to review the denial of Plaintiff's waiver of inadmissibility application.

      **ii.** **Plaintiff cannot state a claim for review of his U Visa petition denial because he is inadmissible and has not received a waiver of inadmissibility**

USCIS denied Plaintiff's application for a waiver of inadmissibility based on Plaintiff's criminal history.[8] (Compl. ¶ 27.) Because USCIS denied Plaintiff's waiver of inadmissibility application, Plaintiff is ineligible for a U Visa. *See Pineda v. Sessions*, 711 F. App'x 57, 57 n.1 (2d Cir. 2018) ("U visa applicant[s] must be admissible to the United States or otherwise seek a waiver of inadmissibility from USCIS."). As noted above, the Court lacks jurisdiction to review

---

[8] "Congress provided that the Secretary of Homeland Security can waive almost any ground of inadmissibility for a noncitizen who is applying for a U visa." *Meza Morales v. Barr*, 973 F.3d 656, 658 (7th Cir. 2020) (citing 8 U.S.C. § 1182(d)(14)). "USCIS implements this U visa inadmissibility waiver program on behalf of the Secretary, granting a waiver application if it determines that it is 'in the public or national interest' to do so." *Id.* (quoting 8 C.F.R. § 212.17(b)(1)).

the denial of Plaintiff's waiver of inadmissibility application. The Court therefore dismisses Plaintiff's claims with respect to the denial of his U Visa petition for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Ji Lin*, 537 F. Supp. 3d at 414 (dismissing, for failure to state a claim, challenge to denial of U Visa petition where Plaintiff was inadmissible and USCIS denied Plaintiff's waiver of inadmissibility application).

### III. Conclusion

For the reasons stated above, the Court grants Defendants' motion. The Court dismisses Plaintiff's claims with respect to the denial of his application for a waiver of inadmissibility without prejudice for lack of subject matter jurisdiction, and dismisses Plaintiff's claims with respect to the denial of his U Visa petition with prejudice for failure to state a claim. The Clerk of Court is respectfully directed to close this case.

Dated: January 27, 2023
      Brooklyn, New York

SO ORDERED:

    /s/ MKB
MARGO K. BRODIE
United States District Judge